IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD S. WALLICK<br>880 NE ROTHBURY AVENUE<br>HILLSBORO, OREGON 97124<br><br>    Plaintiff,<br><br>    v.<br><br>AGRICULTURAL MARKETING SERVICE<br>1400 INDEPENDENCE AVENUE, S.W.<br>Washington, DC 20250<br><br>    Defendant. | Case No: 18-1627 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Richard S. Wallick ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Agricultural Marketing Service (hereinafter "AMS") in failing to provide Plaintiff with all non-exempt records to his June 6, 2017, FOIA request to AMS, seeking records pertaining to the role of Material Review Organizations (MROs) in the agency's administration of the Department of Agriculture's National Organic Program ("NOP").

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Richard S. Wallick, is an individual that, at all times relevant herein, has resided in the City of Hillsboro, in Washington County, Oregon.

5. Defendant Agricultural Marketing Services is a sub-component of the United States Department of Agriculture, and is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the United States District Court to enjoin the agency from withholding agency records, and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about June 6, 2017, Plaintiff sent a FOIA request to the Agricultural Marketing Service (AMS), seeking copies of agency records, from January 1, 2000, to the date of the request, pertaining to the role of Material Review Organizations (MROs) in that agency's administration of the Department of Agriculture's National Organic Program (NOP).

14.  On or about June 13, 2017, Defendant sent an email acknowledging receipt of Plaintiff's FOIA request, and assigning it as FOIA request number 2017-AMS-04809-F.

15.  On or about June 27, 2017, AMS sent to Plaintiff an email requesting a telephone conference regarding Plaintiff's June 6, 2017 FOIA request.

16.  On or about June 29, 2017, Plaintiff responded via email to AMS's request for a telephone conference, and stated his preference to using email to discuss his FOIA request.

17.  On or about June 30, 2017, AMS responded to Plaintiff's June 29, 2017, email stating that AMS would be composing an email regarding the matters needing clarification for Plaintiff's June 6, 2017 FOIA request.

18.  On or about July 16, 2017, Plaintiff emailed AMS a request for an update on his June 6, 2017, FOIA request.

19.  On or about July 20, 2017, AMS emailed Plaintiff, stating that an estimated date of completion would be available the following week.  AMS also suggested that

Plaintiff could narrow the time frame of the records sought by this FOIA request, in order to expedite the agency's response time for this record request.

20. On or about July 20, 2017, Plaintiff emailed a response to AMS, indicating that he needed to maintain the time frame for responsive records that was set forth in his FOIA request in order to serve the intended purpose for this record request.

21. On or about July 21, 2017, AMS emailed Plaintiff, notifying him that AMS was processing his record request.

22. On or about August 21, 2017, AMS provided Plaintiff with an interim response to his June 6, 2017, FOIA request.

23. On or about August 30, 2017, Plaintiff sent an email to AMS stating that because not all records had been released in the agency's first interim response, and additional records would be released as part of further agency interim response(s), that Plaintiff would propose that he be authorized to refrain filing an administrative appeal in this matter until after the final agency response and final release of records for this FOIA request.

24. On or about August 30, 2017, AMS emailed Plaintiff agreeing to his proposal to postpone the deadline for filing any administrative appeals until after the agency's final release of responsive records for this FOIA request.

25. On or about September 6, 2017, AMS emailed Plaintiff their second interim response to his June 6, 2017, FOIA request.

26. On or about October 12, 2017, AMS emailed Plaintiff notifying him that the next interim response would be expected no later than October 27, 2017.

27. On or about October 31, 2017, AMS emailed Plaintiff the third interim response to his June 6, 2017, FOIA request.

28. On or about November 14, 2017, AMS emailed Plaintiff, requesting clarification as to whether Plaintiff needed draft versions as well as the final version of a particular responsive document.

29. On or about November 14, 2017, Plaintiff emailed AMS stating that he did seek copies of the draft responsive documents referenced by the agency.

30. On or about November 29, 2017, AMS emailed Plaintiff a final response to his June 6, 2017, FOIA request.

31. On or about December 1, 2017, Plaintiff appealed AMS's November 29, 2017, final response to Plaintiff's June 6, 2017, FOIA request.

32. As of the date of the filing of this action, Plaintiff has not received a response to his administrative appeal, nor all non-exempt responsive records to his June 6, 2017, FOIA request.

## VII. CLAIMS FOR RELIEF

33. Plaintiff realleges, as if fully set forth herein, paragraphs 1-32 previously set forth herein.

34. Defendant AMS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his June 6, 2017, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to his FOIA request.

35. By failing to provide Plaintiff with all non-exempt responsive record to his June 6, 2017, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant AMS has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

36. Unless enjoined by this Court, Defendant AMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

37. Plaintiff is directly and adversely affected and aggrieved by Defendant AMS's failure to provide responsive records to its FOIA request described above.

38. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

39. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant Agricultural Marketing Service has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his June 6, 2017, FOIA request.

2. Declare Defendant Agricultural Marketing Service has violated FOIA by failing to complete an adequate search for records responsive to his June 6, 2017, FOIA request.

3. Direct by injunction that Defendant Agricultural Marking Service perform an adequate search for records responsive to his June 6, 2017, FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiff's June 6, 2017, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 10th day of July, 2018.

Respectfully submitted,

 /s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**